IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TANIKIA D. SMITH | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CASE NO. 4:10CV693 |
| | § | |
| CITIMORTGAGE, INC. | § | |
| and FEDERAL NATIONAL | § | |
| MORTGAGE ASSOCIATION | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Original Complaint (Dkt. 37). As set forth below, the Court finds that the motion should be GRANTED in part and DENIED in part.

This lawsuit arises out of an October 5, 2010 foreclosure sale. In connection with that sale, Plaintiff Tanikia D. Smith asserts the following causes of action in her Second Amended Original Complaint: (1) breach of contract;[1] (2) breach of common law tort of unreasonable collection efforts; (3) violations of the Texas Debt Collection Act ("TDCA") and Texas Deceptive Trade Practices Act ("DTPA"); (4) negligent misrepresentation/gross negligence. In addition, Plaintiff asserts a suit to quiet title and trespass to try title, seeks declaratory judgment, and requests an accounting. *See* Dkt.

---

[1]It appears that Plaintiff dropped her prior claim for anticipatory breach of contract, although that term still appears in the same heading as her breach of contract claim in the Second Amended Complaint.

1

31.[2] Defendants seek dismissal of all of the issues raised by Plaintiff's most recent complaint. Plaintiff, through counsel, filed a response to the motion and Defendants, through counsel, responded. Plaintiff's counsel subsequently withdrew from representation, and Plaintiff now proceeds *pro se* with her claims. The motion to dismiss remains before the Court for resolution.

## FACTUAL BACKGROUND

According Plaintiff's Second Amended Complaint, Plaintiff executed a Note on or about August 30, 2002. Plaintiff also executed a Deed of Trust which secured payment of the Note by placing a lien on certain real property located in Frisco, Texas (the "Property"). The Note and Deed of Trust were ultimately assigned to CitiMortgage.

After apparently falling behind on her mortgage in late 2008, Plaintiff contacted CitiMortgage about a possible loan modification under the Home Affordable Modification Program, but her request was denied because she did not have enough income. Sometime between February and May 2010, after obtaining full-time employment, Plaintiff began pursuing "traditional" modification. However, CitiMortgage was unable to complete the review process because it lacked title information. In August 2010, Plaintiff stopped pursuing traditional modification and instead reapplied for a HAMP modification.

Plaintiff alleges that she was advised the following month that her request for mortgage assistance was in the final stages of review and that she should receive a trial payment package any

---

[2]The Court notes that this is the third iteration of Plaintiff's complaint. She was given two opportunities to amend her claims after removal and the filing of a prior motion to dismiss. Therefore, the pleadings are, at this time, considered closed and the Court will address the motion and complaint before it.

day.  However, on September 28, 2010, her application for a HAMP loan modification was denied. Plaintiff claims that she was told that she did not qualify for HAMP because she earned too much money.  A week later, the Property was sold at a foreclosure sale to Fannie Mae on October 5, 2010.

### STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007).  In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder."  *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do."  *Id*. at 555.  The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability."  *Id*. at 555, 557 n.5.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570,

127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted). Dismissal for failure to state a claim is generally disfavored in the Fifth Circuit. *Zephyr Aviation, L.L.C. v. Dailey*, 247 F.3d 565, 573 (5th Cir. 2001).

## ANALYSIS

### Plaintiff's Breach of Contract Claims

Plaintiff's first cause of action is for breach of contract, wherein Plaintiff bases her claim on five theories. First, Plaintiff claims that Defendants breached the Deed of Trust by failing to provide her with the notice of default required under the Texas Property Code. Next, Plaintiff claims that Defendants breached the Deed of Trust by accelerating and foreclosing on the Property after waiving its right to do so by telling Plaintiff it would not foreclose while it was awaiting the modification application process. Third, Plaintiff claims that Defendants breached an implied duty of good faith and fair dealing. Fourth, Plaintiff argues that Defendants lost its right to accelerate by inconsistent or inequitable conduct, specifically, by failing to demand past due installments before exercising the option to accelerate. Finally, Plaintiff claims that a unilateral contract was created by her alleged reliance on Defendant's alleged promises that it would modify her loan.

*Notice of Default & Demand for Past Due Installments Prior to Acceleration*

In her amended complaint, Plaintiff alleges that Defendants never provided her notice of intent to accelerate or the right to cure and reinstate the Note as is required by Section 51.002(d). Plaintiff also argues that Defendants failed to make demand for past due installments prior to acceleration in accordance with the Texas Property Code.

The Court finds that Plaintiff's allegations are sufficient to state a claim under the Texas Property Code. Therefore, as to Plaintiff's claim that she was not provided with the required notices or demands under the Texas Property Code, the motion to dismiss is DENIED. The Court notes, however, that at the summary judgment or trial phase of these proceedings, Plaintiff will be required to substantiate this claim with evidence.[3]

*Waiver of the Right to Accelerate and Foreclose*

The Court next turns to Plaintiff's claim that CitiMortgage breached the Deed of Trust by accelerating and foreclosing on the Property after purportedly waiving its right to do so. Defendants argue that Plaintiff's waiver argument fails because its actions did not constitute waiver and the Deed of Trust expressly provides that "[a]ny forbearance by Lender in exercising any right or remedy … shall not be a waiver of or preclude the exercise of any right or remedy." Dkt. 37-1 § 12. The Court finds that, given the express language of the Deed of Trust, Plaintiff cannot base a breach of contract

---

[3]The Court further notes that in Defendants' motion to dismiss, Defendants claim to be filing a motion to strike the allegation as being without evidentiary support. Defendants did not file any such motion contemporaneously with its motion to dismiss, therefore, the breach of contract claim as to this allegation shall remain. Moreover, the Court finds that a motion for summary judgment is a more appropriate method to make Defendants' evidentiary challenge.

action on this theory.[4]  That portion of the motion to dismiss is GRANTED.

*Breach of Duty of Good Faith and Fair Dealing*

As part of her breach of contract claim, Plaintiff alleges that Defendants breached their duty of good faith and fair dealing by accelerating the Note. The Court finds that this claim should be dismissed because there is no duty of good faith and fair dealing in the lender/borrower relationship.

"Ordinarily, there is no such duty in lender/lendee relationships." *Vogel v. Travelers Indem. Co.*, 966 S.W.2d 748, 753 (Tex. App.-San Antonio 1998, no pet.) (citing *Federal Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 709 (Tex. 1990)); *English v. Fischer*, 660 S.W.2d 521, 522 (Tex. 1983). Indeed, Texas law does not "recognize a common law duty of good faith and fair dealing in transactions between a mortgagee and mortgagor, absent a special relationship marked by shared trust or an imbalance in bargaining power." *Coleman v. Bank of Am., N.A.*, 2011 WL 2516169, at *1 (N.D. Tex. 2011) (citing *FDIC v. Coleman*, 795 S.W.2d 706, 708–709 (Tex. 1990)) (internal quotations omitted). Here, Plaintiff has not alleged what facts would constitute a "special relationship" with the Defendant, nor has Plaintiff pointed to any authority to support her view that there is a duty of good faith and fair dealing in the mortgage context. *See Casterline v. Indy Mac/One West*, 761 F. Supp. 2d 483, 491 (S.D. Tex. 2011); *Smith v. National City Mortg*, 2010 WL

---

[4]Although a district court may not go outside the complaint when considering a motion to dismiss, a district court may consider documents attached to a motion to dismiss if the documents are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Scanlan v. Tex*as *A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)); *see also Causey v. Sewell Cadillac-Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004). The Court finds the Deed of Trust to be central to Plaintiff's claims here.

3338537, at *12 (W.D. Tex. 2010). Therefore, as to this claim Defendant's motion should be GRANTED and any breach of contract claims based on an implied duty of good faith and fair dealing should be dismissed.

*Breach of Unilateral Contract*

Defendants also seek dismissal of Plaintiff's breach of unilateral contract claim. In Texas, a unilateral contract is "created by the promisor promising a benefit if the promisee performs" and "[t]he contract becomes enforceable when the promisee performs." *Vanegas v. Am. Energy Servs.*, 302 S.W.3d 299, 302 (Tex. 2009). In other words, there are no mutual promises as in a bilateral contact. Rather, there is a promise by the promisor and acceptance through performance by the promisee. *See id*. However, "[a] contract that does not require a party to furnish consideration, or oblige him to do anything, lacks mutuality, is unilateral, and is unenforceable." *Johnson v. Kruse*, 261 S.W.3d 895, 898 (Tex. App.—Dallas 2008, no pet.). Thus, a unilateral contract is an illusory promise that fails to bind the promisor until the promisee renders performance, thereby accepting the offer and binding the promisor. *See id.* at 898–99.

Here, Plaintiff claims that CitiMortgage promised to modify her loan. However, according to the facts alleged, no additional performance was required from Plaintiff. Therefore, the promise remained illusory. The Court further notes that any unilateral or bilateral contract modifying the underlying Note and Deed of Trust was subject to the requirements of the statute of frauds. *See* TEX. BUS. & COM. CODE ANN. § 26.02(a)(2) and (b) (2009) (a loan agreement involving a loan exceeding $50,000 in value is subject to the statute of frauds); *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825

S.W.2d 439, 442 (Tex. 1991) (any contract subject to the statute of frauds and not in writing is unenforceable under Texas law). Therefore, in order for Plaintiff to assert a breach of contract claim, any modification of the underlying loan agreement must have been in writing. Because the alleged loan modification here was oral, it was unenforceable until reduced to writing. The Court finds that Plaintiff has failed to allege breach of a unilateral contract and the motion to dismiss her breach of unilateral contract claim should be GRANTED.

**Unreasonable Collection Efforts**

Defendants also seek dismissal of Plaintiff's claim of breach of common law tort of unreasonable collection efforts. As one court has noted, "[u]nreasonable collection efforts is a Texas common-law intentional tort that lacks clearly defined elements." *B.F. Jackson, Inc. v. Costar Realty Info., Inc.*, 2009 WL 1812922, at *5 (S.D. Tex. 2009). Nonetheless, in Texas, pleadings sufficient to support a claim for unreasonable collection efforts must contain facts that amount to "a course of harassment" by the defendant that "was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *See, e.g., Coleman*, 2011 WL 2516169, at *2. Here, Plaintiff alleges that Defendants "slandered Plaintiff's credit reputation, defamed their [sic] credit and exposed them to ridicule in the community." Dkt. 31 at ¶27. Such conclusory statements are insufficient to survive a motion to dismiss claims of unreasonable collection efforts. *Watson v. Citimortgage, Inc.*, 2011 WL 4526980, 5 (E.D. Tex. 2011). Moreover, none of the allegations here against Defendants rise to the level of malicious harassment that would support such a claim. Therefore, the motion to dismiss Plaintiff's claims of breach of common law tort of unreasonable

8

collection efforts is GRANTED and those claims shall be dismissed.

**Texas Debt Collection Practices Act**

Next Defendants seek dismissal of Plaintiff's claims under the Texas Debt Collection Practices Act. In her amended complaint, Plaintiff alleges that Defendants violated §§ 392.301(a)(8), 392.303(a)(2), 392.304(a)(8), and 392.304(a)(19) of the Texas Finance Code.

Section 392.301(a)(8) prohibits threatening to take an action prohibited by law. Since foreclosure occurred and was not threatened, and since Plaintiff claims she did not receive notice of it, there are no facts stated to support this claim. Therefore, the Court agrees those claims should be dismissed. Section 392.303(a)(2) of the Texas Finance Code prohibits a debt collector from collecting or attempting to collect interest or charges not authorized by the Note, Deed of Trust or Applicable law. The Court agrees with Defendants that Plaintiff's claims under Section 392.303(a)(2) should be dismissed because no facts are alleged in the complaint as to any interest or charges to her as a result of Defendant's alleged conduct.

Section 392.304(a)(8) prohibits misrepresenting the character, extent or amount of consumer debt and Section 392.304(a)(19) prohibits the use of false representations or deceptive means to collect a debt or obtain information concerning a consumer. Here, Plaintiff alleges that Defendants informed Plaintiff that the loan was being modified and foreclosure was being postponed while the Defendants ultimately proceeded with foreclosure on the Property. The Court finds that Plaintiff has pled sufficient facts to survive dismissal of her TDCA violation claim as to Sections 392.304(a)(8) and (a)(19). *See Iqbal*, 129 S. Ct. at 1950. Accordingly, the court GRANTS the motion to dismiss

Plaintiff's TDCA claim under Sections 392.301(a)(8) and 392.303(a)(2) and DENIES Defendant's motion to dismiss Plaintiffs' TDCA claims under Sections 392.304(a)(8) and (a)(19).

**DTPA**

The Court next turns to Defendant's contention that Plaintiff's allegations under the Deceptive Trade Practices Act should be dismissed. The Court agrees.

Plaintiff must have pled sufficient facts to establish her status as a "consumer" in order to bring a claim under the DTPA. To establish consumer status under the DTPA, a plaintiff must be "an individual ... who seeks or acquires by purchase or lease, any goods or services ...." TEX. BUS. & COM. CODE § 17.45(4). Generally, loans of money or extensions of credit are not considered "goods" or "services" that can form the basis of a DTPA claim. *Gomez v. Wells Fargo Bank, N.A.*, 2010 WL 2900351, 3 (N.D. Tex. 2010) (where party was attempting to only borrow money and not purchase a good or a service, it did not satisfy the requirements for consumer status under the DTPA and therefore failed to state a claim pursuant to the Texas Deceptive Trade Practices Act); *Guardian Life Ins. Co. v. Kinder*, 663 F. Supp.2d 544, 553 (S.D. Tex. 2009); *La Sara Grain Co. v. First Nat'l Bank,* 673 S.W.2d 558, 567 (Tex. 1984); *Riverside Nat'l Bank v. Lewis,* 603 S.W.2d 169, 174 (Tex. 1980); *Maginn v. Norwest Mortgage, Inc.,* 919 S.W.2d 164, 166-67 (Tex. App.– Austin 1996, no writ). However, a party who obtains a loan which is "inextricably intertwined" in the purchase or lease of a good or service may qualify as a consumer. *Knight v. Int'l Harvester Credit Corp.,* 627 S.W.2d 382, 389 (Tex. 1982) (finding that a bank customer qualified as a consumer because he sought financing to purchase a dump truck); *Flenniken v. Longview Bank & Trust Co.,* 661 S.W.2d

705, 707 (Tex. 1983) (holding that party was a consumer when party's mortgage loan was intertwined with contractor's agreement to build a house); *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 160 (Tex. App. – Fort Worth 2007, pet. denied) (the refinance of home equity loan cannot qualify as a good or a service under the DTPA); *Marketic v. U.S. Bank Nat. Ass'n*, 436 F. Supp.2d 842, 855 (N.D. Tex. 2006) (one who obtains a home equity loan does not obtain a "good" or a "service" to qualify as a consumer under the DTPA). Other than the conclusory allegation that she is a consumer, Plaintiff has not alleged any facts to show how she qualified as a consumer here. Therefore, given the other alleged facts of her case, she has insufficiently stated a claim under the DTPA, the motion to dismiss them is GRANTED and any claims thereunder should be dismissed.

**Accounting**

The Court agrees that Plaintiff's claim for an accounting should be dismissed. An accounting is an equitable remedy and not an independent cause of action. "An action for accounting may be a suit in equity, or it may be a particular remedy sought in conjunction with another cause of action." *Brown v. Cooley Enters., Inc.*, 2011 WL 2200605, at *1 (N.D. Tex. 2011). "When a party can obtain adequate relief at law through the use of standard discovery procedures, such as requests for production and interrogatories, a trial court does not err in not ordering an accounting." *T.F.W. Mgmt., Inc. v. Westwood Shores Prop. Owners Ass'n*, 79 S.W.3d 712, 717–18 (Tex. App.– Houston [14th Dist.] 2002, pet. denied). Here no facts are alleged to show Plaintiff is entitled to such relief. Therefore, Defendant's motion to dismiss these claims is GRANTED and Plaintiff's claim for accounting should be dismissed without prejudice. If Plaintiff can later show that she is entitled to

an accounting as a form of equitable relief as to any remaining cause of action, she may so plead.

**Negligent Misrepresentation**

Defendants also argue that Plaintiff has failed to plead enough facts to state a claim for negligent misrepresentation. Under Texas law, a claimant alleging negligent misrepresentation must show the following: (1) the representation is made by a defendant in the course of his business, or in a transaction in which the defendant has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers a pecuniary loss by justifiably relying on the representation. *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 734 (N.D. Tex. 2011) (quoting *Sloane*, 825 S.W.2d at 442) (internal quotations omitted). "The misrepresentation at issue must be one of existing fact" rather than a promise of future conduct. *Fankhauser v. Fannie Mae*, 2011 WL 1630193, at *7 (E.D. Tex. 2011).

Here, Plaintiff alleges that Defendants repeatedly misled Plaintiffs with false information regarding the possibility of obtaining a loan modification and the forbearance of the foreclosure sale. Plaintiff also alleges that she relied on Defendant's representation to her detriment by not being able to reinstate her payments and ultimately experiencing foreclosure. The Court finds that, if true, Plaintiff's allegations could state a negligent misrepresentation claim.[5] Accordingly, the Court

---

[5]The Court notes that the economic loss rule may later prevent any recovery for negligent misrepresentation. In order to recover for a claim of negligent misrepresentation, a plaintiff must show an injury independent from the subject matter of the contract. *D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.,* 973 S.W.2d 662, 663–64 (Tex. 1998) (per curiam); *see also Narvaez v.*

DENIES Defendant's motion to dismiss Plaintiff's claim for negligent misrepresentation.

**Gross Negligence**

Next Defendants seek dismissal of Plaintiff's gross negligence claim. Plaintiffs place the label "gross negligence" as a heading in conjunction with the negligent misrepresentation claim in the their Complaint, then do not mention "gross negligence" again in the Complaint. *See* Dkt. 31 at ¶38. Simply labeling part of the Complaint "gross negligence" does not allege a cause of action, is nothing more than a mere label or conclusion, and is insufficient under the pleading standards in this Court. *Twombly*, 550 U.S. at 555.

Further, "[t]he threshold inquiry regarding a gross negligence claim is whether a legal duty existed." *RT Realty, L.P. v. Tex. Utils. Elec. Co.*, 181 S.W.3d 905, 914 (Tex. App.—Dallas 2006, no pet.) (citing *Thapar v. Zezulka*, 994 S.W.2d 635, 637 (Tex. 1999)). Plaintiff's complaint does not state any facts that would show a duty existed, and, as noted above, Texas does not "recognize a common law duty of good faith and fair dealing in transactions between a mortgagee and mortgagor, absent a special relationship marked by shared trust or an imbalance in bargaining power." *Coleman*, 2011 WL 2516169, at *1 (citing *Coleman*, 795 S.W.2d at 708–709) (internal quotations omitted).

---

*Wilshire Credit Corp.*, 757 F. Supp.2d 621, 634 (N.D. Tex. 2010). Here, Defendants have not raised the economic loss rule and Plaintiff's damages appear to include damages other than the economic losses involved, including mental anguish, lost time, and loss of creditworthiness. Therefore, assuming arguendo that such damages are available under applicable law, the Court will not dismiss the negligent misrepresentation claims based on the economic loss doctrine. Plaintiff will, however, be required to provide evidence of such damages during summary judgment or trial in order for her negligent misrepresentation claim to survive.

Therefore, the Court finds that Plaintiff has insufficiently pled this cause of action, and no duty of care arises that would support a claim of gross negligence against Defendant. *See Burnette*, 2010 WL 1026968, at *8. Accordingly, Defendant's motion to dismiss Plaintiff's action for gross negligence should be GRANTED and those claims dismissed.

**Declaratory Judgment**

In her claim for declaratory judgment, Plaintiff asks the Court to find, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201-2202, that (1) Plaintiff has not materially breached the Deed of Trust, (2) CitiMortgage has breached the Deed of Trust, (3) CitiMortgage wrongfully foreclosed, (4) the Substitute Trustee's Deed should be set aside, (5) CitiMortgage does not own the Note and has no standing to foreclose, (6) the lien is invalid, and (7) CitiMortgage forfeited the principal and interest on the loan.

Defendants claim that Plaintiff's request should be dismissed because it is either frivolous or involves undisputed matters of fact. The Court declines to make any such findings during this phase of the proceedings.

When a declaratory judgment action filed in state court is removed to federal court, that action is, in effect, converted into one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. The federal Declaratory Judgment Act states, "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Federal courts

have broad discretion to grant or refuse declaratory judgment. *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991). "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The Declaratory Judgment Act is "an authorization, not a command." *Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962). It gives federal courts the competence to declare rights, but does not impose a duty to do so. *Id.*

The Declaratory Judgment Act is a procedural device that creates no substantive rights and requires the existence of a justiciable controversy. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-241 (1937); *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1179 (5th Cir. 1984). Thus, the Act provides no relief unless there is a justiciable controversy between the parties. The Fifth Circuit stated as follows:

> In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future. Based on the facts alleged, there must be a substantial and continuing controversy between two adverse parties. The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury. Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects. To obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future. Similar reasoning has been applied to suits for declaratory judgments.

*Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (citations and quotations omitted). Because

matters in this case remain in controversy, the Court declines to dismiss Plaintiff's request for declaratory judgment at this time and Defendant's motion to dismiss them is therefore DENIED.

**Suit to Quiet Title and Trespass to Try Title**

Finally, Defendants move to dismiss Plaintiff's suit to quiet title and trespass to try title claim. "To prevail in a trespass-to-try-title action, Plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004) (citation omitted).

Here, Plaintiff has alleged that she has superior title because the trustee's sale was void because Defendants did not comply with the Texas Property Code. The Court finds that Plaintiff has stated facts that may support her claims for suit to quiet title and trespass to try title. Therefore, the motion to dismiss those claims is DENIED.

### RECOMMENDATION

Therefore, for the reasons stated above, the Court finds that Defendants' Motion to Dismiss Plaintiff's Second Amended Original Complaint (Dkt. 37) should be GRANTED as to Plaintiff's breach of contract claims regarding the waiver of the right to accelerate and foreclose, the breach of duty of good faith and fair dealing, and breach of unilateral contract, Plaintiff's claims of breach of common law tort of unreasonable collection efforts, Plaintiff's TDPCA claim under Sections 392.301(a)(8) and 392.303(a)(2), any claims asserted under the DTPA, Plaintiff's accounting claims, and Plaintiff's gross negligence claims and DENIED as to Plaintiff's breach of contract claims

regarding notice of default and demand for past due installments prior to acceleration and violations of the Texas Property Code, Plaintiffs' TDCA claims under Sections 392.304(a)(8) and (a)(19), Plaintiff's claim for negligent misrepresentation, Plaintiff's claim for declaratory judgment, and Plaintiff's suit to quiet title and trespass to try title. Plaintiff's breach of contract claims regarding notice of default and demand for past due installments prior to acceleration and violations of the Texas Property Code, Plaintiff's TDCA claims under Sections 392.304(a)(8) and (a)(19), Plaintiff's claim for negligent misrepresentation, Plaintiff's claim for declaratory judgment, and Plaintiff's suit to quiet title and trespass to try title shall remain at this time. Plaintiff is cautioned, however, that she will be required to prove such claims with sufficient evidence at the summary judgment and trial phases.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 27th day of February, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE